974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles A. LINDNER, III, Plaintiff-Appellant,
v.
MOBIL OIL CORPORATION, Defendant-Appellee.
 No. 90-16147.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Sept. 9, 1992.
 
 Appeal from the United States District Court for the Eastern District of California; No. CV-89-00304, Edward D. Price, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles A. Lindner III appeals the district court's summary judgment in favor of Mobil Oil Corp. on Lindner's complaint for injunctive relief and damages under the Petroleum Marketing Practices Act (the PMPA), 15 U.S.C. § 2801 et seq. The district court found that Mobil had not violated the provisions of the PMPA and granted summary judgment in Mobil's favor. We affirm.
 
 DISCUSSION
 1. Compliance with the PMPA
 
 3
 Subchapter I of the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801-2806, governs relations between motor fuel franchisors and their franchisees. The PMPA mandates certain steps which a franchisor must take before it terminates or declines to renew a franchise. A franchisor may either make a "bona fide offer to sell" the franchise to the franchisee or offer the franchisee a right of first refusal, 15 U.S.C. § 2802(b)(2)(E)(iii)(I) (hereinafter referred to as "condition (I)"), or sell the franchise to a third party in connection with the sale of "other marketing premises," so long as that party offers the existing franchisee a new, non-discriminatory franchise. 15 U.S.C. § 2802(b)(2)(E)(iii)(II) (hereinafter referred to as "condition (II)").
 
 
 4
 It is undisputed that Mobil did not offer to sell its franchise to Lindner and that it did not grant him the right of first refusal on British Petroleum's (BP's) offer to purchase Lindner's franchise as part of its larger purchase of Mobil's stations in the western United States. Thus, Mobil failed to meet condition (I) of section 2802(b)(2)(E)(iii). Nonetheless, Mobil met condition (II)--BP offered Lindner a nondiscriminatory franchise in connection with its purchase of Mobil's stations.
 
 
 5
 Despite the fact that section 2802(b)(2)(E)(iii) is phrased in the disjunctive and has been interpreted as providing alternate courses of action to franchisors, Ewing v. Amoco Oil Co., 823 F.2d 1432, 1437 (10th Cir.1987); Southern Nevada Shell Dealers Ass'n v. Shell Oil Co., 634 F.Supp. 65, 70 (D.Nev.1985),[1] Lindner argues that condition (II) was not available to Mobil in this case. Specifically he argues that since his station was the only Mobil station in Stanislaus County, BP did not purchase Mobil's "interest in one or more other marketing premises," 15 U.S.C. § 2802(b)(2)(E)(iii)(II) (emphasis added), within the "relevant geographic market area." 15 U.S.C. § 2802(b)(2)(E). Thus, according to Lindner, condition (II) does not apply, condition (I) was not met, and consequently, Mobil violated the PMPA.
 
 
 6
 We are not convinced. First, condition (II) does not state that the "other marketing premises" purchased by the franchisor's buyer must be within the same "relevant geographic market area." It is unquestioned that BP acquired Mobil's interest in Lindner's station at the same time as it acquired Mobil's interest in over 220 "other marketing premises" in three states. Thus, on its face, condition (II) applies and Mobil has complied with the PMPA. Second, even if the "other marketing premises" had to be within the same "relevant geographic market area," Lindner has failed to demonstrate that the area is limited to Stanislaus County, rather than encompassing the entire region sold to BP. Lindner misreads the definition of "relevant geographic market area." That definition states that the area includes a State or a Standard Metropolitan Statistical Area (SMSA). 15 U.S.C. § 2801(16). It does not state that the marketing area is either a State or an SMSA and nothing else. The PMPA places no limit on how large an area may be considered a "relevant geographic market area." Indeed, the obvious purpose of the PMPA is to prevent franchisors from claiming that exceedingly small areas--like a part of a city--are "relevant geographic market areas." See generally, King Service, Inc. v. Gulf Oil Corp., 834 F.2d 290, 293 (2d Cir.1987) (party conceded that "the upstate New York marketing region is a 'relevant geographic market area.' "); S.Rep. No. 731, 95th Cong., 2d Sess. 33 (1978), reprinted in 1978 U.S.C.C.A.N. 873, 891 (legislative history of section 2801(16) states that "[w]ithdrawals from less than an entire State ... may ... constitute a withdrawal from a relevant geographic market area for purposes of this title.").
 
 
 7
 Mobil could properly terminate Lindner's franchise by either meeting condition (I) or condition (II) of section 2802(b)(2)(E)(iii). It chose condition (II) and fulfilled the terms of its obligations under that subsection. The district court did not err by granting summary judgment in favor of Mobil.
 
 2. Attorneys' Fees
 
 8
 Mobil seeks attorneys' fees under section 2805(d)(3) for the cost of defending this appeal. Section 2805(d)(3) allows the court to award attorneys' fees to a franchisor "if the court finds that [the] action [brought by the franchisee] is frivolous." 15 U.S.C. § 2805(d)(3). We find that fees are warranted here.
 
 
 9
 Unlike other cases in which courts have declined to award fees, Lindner has not raised an issue that "call[s] for substantial statutory interpretation...." Brown v. American Petrofina Marketing, Inc., 555 F.Supp. 1327, 1336 (M.D.Fla.1983), aff'd, 733 F.2d 906 (11th Cir.1984). Nor is this merely a case where Mobil narrowly prevailed at the close of hard fought litigation. Lindner raises no real issue concerning the meaning of the PMPA. Cf. Graeber v. Mobil Oil Corp. 614 F.Supp. 268, 277 (D.N.J.1985) (franchisee's challenge of the adequacy of franchisor's termination raised difficult issues of statutory interpretation, thus claims were not frivolous). We find this appeal frivolous within the meaning of section 2805(d)(3), and accordingly award attorneys' fees to Mobil.
 
 CONCLUSION
 
 10
 The summary judgment of the district court is AFFIRMED. Mobil may recover reasonable attorneys' fees on appeal. We transfer consideration of the amount of those fees to the district court for its determination.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cf. Abadjian v. Gulf Oil Corp., 602 F.Supp. 874, 881 (C.D.Cal.1984) (stating in dicta that franchisor's withdrawal triggers franchisee's right of first refusal)